## SAWTELLE *versus* SAWTELLE.

In action of covenant broken, for not delivering articles according to the obligation, a traverse of the plea, "that the defendant *had not broken his covenant,*" places the *onus* upon the *plaintiff* to prove *negatively,* that the articles had *not* been delivered.

ON EXCEPTIONS from the District Court, RICE, J.

COVENANT BROKEN, brought upon an obligation to deliver certain articles of produce to the plaintiff annually.

The declaration specified the defendant's omission to perform, and closed with the general averment, that "so the defendant his covenant aforesaid hath not kept, but hath wholly broken the same."

The defendant pleaded, that he "had not broken the covenants," in the plaintiff's declaration mentioned, and issue was joined upon that plea.

The defendant introduced no proof of performance, and the Judge instructed the jury that the burden of proof was on the plaintiff to show that the defendant had not performed his covenant, and to show what damage the plaintiff had sustained thereby.

The plaintiff introduced proof that the value of the several articles, which the defendant had covenanted to furnish, was $200. The jury returned a verdict that the defendant has " broken the covenants contained in the instrument mentioned in the plaintiff's declaration," and assessed damage in the sum of $4,33. The plaintiff excepted to the instructions.

*Paine* and *B. A. G. Fuller*, for the plaintiff.

The general rule of law is that he, who has the affirmative in pleading, is bound to supply the proof.

The defendant has the affirmative plea in this case, viz; that he has kept and performed his covenants.

The plea of performance, or payment is always an affirmative plea.    1 Ala. 401 ; 2 Greenl. Ev. § 516.

Nor can the burden be changed by any form of pleading. Regard is had to substance and not to form.    1 Greenl. Ev. § 74.

This is the rule in covenant broken.    2 Greenl. Ev. § 247 ; 8 Conn. 296 ; 3 Yeates, 84 ; 1 Greenl. 189.

The law does not require impossibilities.

The rule laid down by the Judge would require this of plaintiff.    No number of witnesses testifying that the defendant had *not,* to their knowledge, delivered the articles, would establish the *negative* required.

But the positive *fact* of payment was peculiarly, (if ever made) within the defendant's knowledge and easily susceptible of proof by him.

Where a breach of the covenant against incumbrances is alleged, the plaintiff must show that the premises were *not* free from incumbrance ; but the *negative* allegation consists virtually of an *affirmative* charge, viz ; that the premises *were* incumbered, which can be shown.    So for quiet enjoyment.

Upon a note of hand for the payment of money, the plaintiff always alleges a breach, viz ; that the defendant has *not* paid ; but it would be a novel doctrine, if he should be compelled to prove it.    So on a note for delivery of specific articles.

In action upon a covenant to pay rent, the burden is on the defendant to prove payment, if he would avoid on that ground.    *March* v. *Cooper,* 2 Str. 763.

So where he would set up want of consideration in defence.    25 Maine, 171, 337.

So if he would justify an act alleged to be done without license, to show that he had the license.    6 Maine, 307.

The opinion of the Court, SHEPLEY, C. J., TENNEY, HOWARD and APPLETON, J. J., was delivered by

SHEPLEY. C. J., orally. — On which party is the burden of proof ? .The mode of pleading, adopted by the parties, is unusual. The plea is that the defendant's covenants were not broken. The issue is taken upon that plea. What then is the plaintiff to prove ? She alleges that there was a breach. The defendant says there was not. She has taken the affirmative, and must establish it. It is therefore upon her to prove the breach.

But it is argued that she cannot be required to prove a negative. She must however establish a cause of action. This she cannot do, without proving that the defendant failed to perform, and what amount of damage she has sustained.

*Exceptions overruled.*

*Vose* and *Titcomb*, for the defendant.